IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JESSIE SEBASTIAN, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:10-CV-221 (MTT) |
| VS. : | |
| : | |
| MIKE MAYNARD, *et al.*, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |
| _____ : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Mike Maynard (Doc.17) and a Motion to Dismiss filed by Defendant Joe Buice and Larry Waller. Because Defendants have shown that Plaintiff Jessie Sebastian has failed to state an actionable constitutional claim, it is **RECOMMENDED** that these Motions be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

On Motion to Dismiss, the Court must accept as true all factual allegations in the Complaint and must draw all reasonable inferences therefrom in the light most favorable to Plaintiff. The Court notes, however, that *pro se* pleadings should be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The Complaint, as supplemented, alleges that on the morning of September 5, 2008, Plaintiff was stopped by Defendant Georgia State Patrol Sergeant Mike Maynard on Interstate 75 in Lamar County, Georgia. Plaintiff contends that he was arrested on a traffic citation, without a warrant.

Plaintiff has submitted a copy of the citation with his Complaint, showing that Officer Maynard cited Plaintiff for Theft by Receiving Stolen Property, in violation of O.C.G.A. § 16-8-7.

According to the Complaint, Plaintiff was detained in the Lamar County Detention Center for months without a probable cause or bond hearing. In his Supplement to the Complaint, Plaintiff states that he attended an extradition hearing with appointed counsel in February 2009. The Supplement indicates that Plaintiff faced charges for escape and theft in Kentucky, and that Plaintiff is currently serving a sentence of incarceration on those charges. At the extradition hearing, Plaintiff refused to consent to extradition because he believed that Lamar County did not have a warrant from Kentucky. Plaintiff contends that Kentucky issued an arrest warrant for the escape charge on April 9, 2009 and a Governor's warrant on July 15, 2009.

The Complaint alleges that Defendant Buice, the jailer at the Detention Center, failed to respond to Plaintiff's written request to be scheduled for a bond hearing. The Complaint alleges that Defendant Waller, who took over as jailer after Buice left, also failed to respond to Plaintiff's written inquiries about a bond hearing. Plaintiff remained in the Lamar County Detention Center until July 21, 2009.

In February, 2009, Plaintiff attended an extradition hearing. There, Plaintiff met with his court appointed attorney Wanda Johnson and was presented with an offer that would dispose of the criminal charges brought against him by Sgt. Maynard. Specifically, the offer provided that, if Plaintiff consented to extradition, all charges stemming from the events of September 5, 2008 would be dropped. After learning that no extradition warrant had been issued, Plaintiff declined. Soon afterwards, he was returned to the jail. On July 21, 2009, pursuant to an Extradition Warrant, Plaintiff was extradited to Kentucky.

In addition to the facts alleged in the Complaint and Supplement, the Court takes into account additional information supplied by the Defendants from the records of the Magistrate Court of Lamar County. On Motion to Dismiss, the Court may take judicial notice of relevant public documents outside the pleadings, without converting the motion to dismiss into a motion for summary judgment. Universal Express, Inc. v. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999). The certified court records are attached as "Exhibit A" to Defendant Maynard's Motion to Dismiss.

The court records show that at around noon on September 5, 2009, Sgt. Maynard appeared before a magistrate judge and obtained six arrest warrants for Plaintiff. These warrants, each containing an affidavit by Sgt. Maynard and the signature of a Magistrate Judge, directed that Plaintiff be arrested for the offenses of:

1. False statements in connection with registering and licensing motor vehicles, O.C.G.A. § 40-2-3, for placing a stolen tag on a vehicle to cover its identity;

2. Theft by receiving stolen property, O.C.G.A. § 16-8-7, for receipt of a stolen vehicle;

3. False statements and writings; concealment of facts, O.C.G.A. § 16-10-20, for signing a false name to fingerprint cards;

4. Theft by receiving property stolen in another state, O.C.G.A. § 16-8-8, for receiving a car stolen in Kentucky;

5. Obstruction of officer, O.C.G.A. § 16-10-24, for giving a false name to Sgt. Maynard; and

6. Theft by receiving stolen property, O.C.G.A. § 16-8-7, for receiving a stolen vehicle tag.

Maynard's Ex. A (Doc. 17-2). The affidavits attached to the warrants do not provide a recitation of the facts supporting probable cause, but the warrants state that the magistrate based his probable cause finding on oral testimony given under oath. Id.

DISCUSSION

Defendant Maynard

As indicated above, Plaintiff alleges that Defendant Maynard arrested him without a warrant, failed to bring him promptly before a judge for a determination of probable cause, and failed to serve him personally with any subsequently issued arrest warrants. For the following reasons, these allegations, alone or in combination, are insufficient to state any viable constitutional claims.

To establish a claim based upon a warrantless arrest, a plaintiff must allege, and ultimately prove, that the arresting officer lacked probable cause. U.S.C.A. Const. Amend. IV. Here, Plaintiff admits that, at the time he was stopped and arrested by Maynard, he was a recently escaped convict driving on a public highway in a stolen vehicle displaying a stolen license plate. In view of these admissions, and in the absence of anything to indicate that Maynard was ignorant of these facts, Plaintiff's arrest was clearly supported by probable cause.

The record shows that Maynard sought a judicial determination of probable cause after the arrest. The Supreme Court has explained that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 114 (1975). This probable cause determination may be made "in a nonadversary proceeding on hearsay and written testimony." Id. at 120. The citation attached to Plaintiff's supplement shows that Plaintiff was stopped at 9:25 a.m. At approximately noon, Maynard appeared before a magistrate judge to swear out six warrants. By obtaining these warrants from a judicial officer within three hours of Plaintiff's arrest, Maynard complied with the requirements of the Fourth Amendment. Plaintiff has identified no law requiring that an arresting officer make personal service of warrants on an arrestee who is already in custody, and the Court is not aware of any such law. Plaintiff has not pleaded any specific facts to indicate that the magistrate's finding of probable cause was unsupported.

Plaintiff further claims that Maynard failed to bring Plaintiff before a judicial officer for a commitment hearing within 72 hours, as required by Georgia law at O.C.G.A. § 17-4-26. This alleged violation of state law does not state a federal due process claim under Section 1983. Federal courts applying the Georgia statute at issue have held that "failure to take an arrestee before a magistrate is not a federal constitutional issue." Stephenson v. Gaskins, 539 F.2d 1066, 1068 n.1 (5th Cir. 1976). See also, Pittman v. Hunnicutt, 2009 WL 2971360, *2 (M.D.Ga., Sept. 16, 2009).

### Defendants Buice and Waller

Plaintiff alleges that Defendants Buice and Waller failed to respond to his letters seeking a warrant or bond hearing. Even when accepted as true and viewed in a light most favorable to him, these allegations are not sufficient to state a claim against these Defendants and must, therefore, be dismissed. A plaintiff's allegations fail to state a claim when they do not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As indicated above, Plaintiff seeks to hold Defendants Buice and Waller liable for his allegedly unlawful detention in the Lamar County Jail. To establish that his detention was unlawful, Plaintiff relies upon the fact that he was denied the opportunity to attend a preliminary hearing or bond hearing and that he was never served with arrest warrants. Plaintiff contends that, over the

course of his incarceration, he wrote a single letter to each Defendant concerning these issues but received no response.

Plaintiff's bare allegations against Buice and Waller fail to state a claim under the Fourth or Fourteenth Amendment. As shown above, the warrants issued by the magistrate judge constituted a judicial finding of probable cause to detain Plaintiff. Once a subject is detained pursuant to a judicial finding of probable cause, bond and release are ordinarily matters for the courts, not for jailers. Plaintiff has alleged no facts to indicate that Buice or Waller had any authority to set bond or to schedule a hearing for bond. In the absence of such allegations, Plaintiff's Complaint fails to state a plausible claim for relief against them.

Accordingly, **IT IS RECOMMENDED** that Defendants' Motions to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 9th day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge